UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUNCAN & CATHERINE ) <br> HOFFMAN, h/w ) <br>   Plaintiffs ) <br> ) <br> vs. ) <br> ) <br> TRANSWORLD SYSTEMS, INC. ) <br> ) <br>   Defendant ) | Case Number <br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Duncan and Catherine Hoffman, h/w, by and through their undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully aver as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Duncan and Catherine Hoffman, h/w, are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in the Commonwealth of Pennsylvania and Plaintiff resides in this District.

### III.  PARTIES

4. Plaintiffs, Duncan and Catherine Hoffman, h/w, are adult natural persons residing at 243 North Olds Boulevard, Fairless Hills, PA 19030.

5. Defendant, Transworld Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 1375 East Woodfield Road, Suite 110, Schaumburg, IL 60173.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. In or around early November 2008, Defendant's agent, an unknown male representative, began a series of harassing phone calls to Plaintiff, Catherine Hoffman's place of employment in regards to an alleged debt owed by Plaintiff, Duncan Hoffman.

8. Simultaneously, Defendant's agent was calling the Plaintiffs' home phone.

9. Defendant's agent refused to say where he was calling from or to give his name.

10. Despite Plaintiff, Catherine Hoffman's repeated requests to cease and desist calling her at work, Defendant's agent continued to do so, sometimes up to 3 times per week.

11. In or around the middle of December 2008, Defendant's agent began to call Plaintiff, Duncan Hoffman's place of employment with regard to the same alleged debt.

12. Despite Plaintiff, Duncan Hoffman's repeated requests to cease and desist calling him at work, Defendant's agent continued to do so 2 to 3 times per week.

13. Simultaneously, Defendant's agent continued to call Plaintiffs' home phone.

14. On or around December 23, 2008, Defendant's agent told Plaintiff, Duncan Hoffman, "Mr. Hoffman, we're gonna file this against you. Take down this file number. We'll probably file the day before or after Christmas. You should obtain representation." Plaintiff, Duncan Hoffman asked why he would need representation. Defendant's agent replied, "Because, we are going to file this against you. You're going to need an attorney."

15. On or around January 9, 2009, Plaintiff, Catherine Hoffman answered the home phone. Defendant's agent became belligerent with Plaintiff, speaking over her and raising his voice. He again refused to state where he was calling from or give his name. He demanded full payment from Mrs. Hoffman and informed Plaintiff that he could get the payment "somehow".

16. At no time did Defendant's agent mini-Miranda Plaintiffs, which is a direct violation of Federal law.

17. The intentional deceptions on the part of the Defendant are in violation of the FDCPA.

18. The constant and repetitive contact with Plaintiffs at their respective places of employment after being informed that it is prohibited is in violation of the FDCPA.

19. Defendant did not send Plaintiffs a 30 day validation notice within 5 days of initial contact as required by Federal law.

20. Defendant has not filed anything, including a lawsuit, against Plaintiffs.

21. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

22. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

23. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

26. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT 1 – FDCPA

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 169c(a)(1), c(a)(3), c(b), d, d(5), d(6), e, e(2), e(5), e(7), e(10), e(11), e(14), f and g.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Transworld Systems, Inc. for the following:

  a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

  b. Actual damages;

  c. Statutory damages pursuant to 15 U.S.C. § 1692k;

  d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  e. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

30. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

31. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

32. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

33. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

34. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

35. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

36. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

37. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

38. The foregoing paragraphs are incorporated herein by reference.

39. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

40. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

41. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c.       Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

    42.       As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

    43.       By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

    **WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.       An Order declaring that Defendant violated the UTPCPL;

    b.       Actual damages;

    c.       Treble damages;

    d.       An award of reasonable attorney's fees and expenses and cost of suit; and

    e.       Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: January 23, 2009**        **BY:    /s/ _Bruce K. Warren_**
Bruce K. Warren, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff